## Smith et al. *v.* Windsor Manor Company Appellant.

Argued May 22, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*F. J. Tyrrell,* for appellant.

*Walter W. Riehl,* with him *John A. Metz,* for appellees.

OPINION BY MR. JUSTICE DREW, June 29, 1945:

Plaintiffs, owners of a tract of land in the Borough of Castle Shannon and the Township of Mt. Lebanon, Allegheny County, brought this suit in assumpsit against

defendant corporation to recover the unpaid balance of the purchase price claimed to be due under a written contract for the sale of the property. In 1872 the Pittsburgh and Castle Shannon Railroad Company, the then owners, laid out this land into lots intersected by streets and alleys and recorded the plans in the Recorder's Office of Allegheny County. Defendant corporation filed an answer setting up the streets and alleyways, as shown in the recorded plans of the property, as encumbrances and alleging that for this reason plaintiffs had not tendered and were unable to tender a good and marketable title to the land which they agreed to convey. The case was tried before a judge without a jury. The learned trial judge found from the evidence adduced that the property was free of encumbrances and that the title was marketable; and, therefore, entered judgment for plaintiffs for the amount of their claim. Its exceptions having been dismissed by the court en banc, defendant corporation appealed.

The trial judge found, inter alia, the following facts: "From December 13, 1879, until September 21, 1889, and from September 21, 1889, until the present time the plaintiffs and their predecessors in title have had actual, continuous, visible, hostile, open, notorious and adverse possession of all of the land which the plaintiffs agreed to convey to the defendant, including that part of the said land over, upon and across which certain streets, avenues, alleyways and parks as laid out in said plans were located and during all of said time the plaintiffs and their predecessors in title have occupied and used the said land and have excluded and prevented the public and all persons whatsoever including the owner and owners at any time of any lot or lots in either of said plans from using or enjoying the use of any easement or right of way, private or otherwise, street, avenue, alley, or park within the limits or boundaries of the land which the plaintiffs agreed to convey to the defendant. The plaintiffs and their predecessors in title, beginning

with the year 1880 and continuously thereafter for a period of more than twenty-one years following September 21, 1889, maintained a fence completely surrounding all the land which the plaintiffs agreed to convey to the defendant. The plaintiffs and their predecessors in title continuously occupied and farmed all of said land from 1880 until 1908 when they leased the major portion thereof to the Castle Shannon Golf Club, which said Golf Club, from 1908 until the present time, has occupied and been in possession of the major portion of said land under plaintiffs and their predecessors in title as lessees of the plaintiffs and their predecessors in title, during all of which time until the present the Golf Club has continuously maintained and operated a golf club on said land. The portion or portions of said land not leased to said Golf Club, including the Smith Homestead, has been continuously in the possession of the plaintiffs and their predecessors in title since 1880 until the present time and one of the plaintiffs, Ida Smith, has continuously resided in the said Smith homestead from 1880 until the present time and still resides there."

A careful study of the record shows that these findings of the trial judge, affirmed by the court en banc, are supported by uncontradicted competent evidence, and, therefore, they must be given the effect of a verdict of a jury: *Quinn Coal Co. v. Scranton A. C. Co.,* 350 Pa. 21, 38 A. 2d 77. From these findings the learned trial judge properly concluded that the title to the property was marketable, for: "The land which the plaintiffs agreed to convey to the defendant is not encumbered by and is not subject to any public or private easement or right of way whatsoever in favor of any person or persons whatsoever."

Judgment affirmed at appellant's cost.